UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SERGIO ORELLANA and all others similarly situated under 29 U.S.C. 216(B)<br><br>    Plaintiff,<br><br>v.<br><br>BASIN CREEK CORPORATION, ROS & ROL CORPORATION, and ROLANDO ROSALES a/k/a JOSE ROLANDO ROSALES,<br><br>    Defendants. | Civil Action No: _____ |

## **COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, **SERGIO ORELLANA**, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this his Complaint Under 29 U.S.C. 201-206 Overtime Wage Violations against Defendants **BASIN CREEK CORPORATION**, **ROS & ROL CORPORATION** and **ROLANDO ROSALES a/k/a JOSE ROLANDO ROSALES**, (collectively, "Defendants") and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff **SERGIO ORELLANA** was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant, **BASIN CREEK CORPORATION** ("Defendant Company Basin Creek") is a company that that regularly transacts business within Dallas County, and may be served at its corporate offices and registered office at 2470 WALNUT HILL LANE, Dallas, TX 75229 through its registered agent Jose Rolando Rosales or wherever found or as allowed by law.

Further, upon information and belief, Defendant Company Basin Creek was an FLSA employer and/or joint employer of Plaintiff for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant **ROS & ROL CORPORATION** ("Defendant Company Ros & Rol") is a company that that regularly transacts business within Dallas County, and may be served at its corporate offices and registered office at 2470 Walnut Hill Ln Dallas TX 75229 through its registered agent Rolando Rosales or wherever found or as allowed by law. Further, upon information and belief, Defendant Company Ros & Rol was an FLSA employer and/or joint employer of Plaintiff for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant, **ROLANDO ROSALES a/k/a JOSE ROLANDO ROSALES**, is a corporate officer and/or owner and/or manager of Defendant Company Basin Creek and Defendant Company Ros & Rol, who runs the day-to-day operations of Defendant Company Basin Creek and Defendant Company Ros & Rol for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work, wages, and schedule and/or acted in the interest of Defendant Company Basin Creek and Defendant Company Ros & Rol such that he was therefore one of Plaintiff's FLSA employers as defined by 29 U.S.C. 203.

6. This case is properly venued in the Northern District of Texas, Dallas Division as both corporate defendants Defendant Company Basin Creek and Defendant Company Ros & Rol regularly transact business in this District and Division and a substantial part of the relevant acts or omissions giving rise to this dispute took place in the Northern District of Texas and Dallas Division.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this Complaint back three years.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

9. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate..."

10. Plaintiff, SERGIO ORELLANA, worked for Defendants as kitchen worker from on or about seven years prior to May 16, 2017 through on or about May 16, 2017 (the "relevant time period").

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the

movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Upon information and belief, the Defendant Company Basin Creek had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

13. Upon information and belief, the Defendant Company Basin Creek is expected to have gross sales or business done in excess of $500,000 annually for the year 2017.

14. Upon information and belief, the Defendant Company Ros & Rol had gross sales or business done in excess of $500,000 annually for the years 2014, 2015, and 2016.

15. Upon information and belief, the Defendant Company Ros & Rol is expected to have gross sales or business done in excess of $500,000 annually for the year 2017.

16. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

17. From on or about seven years prior to May 16, 2017 through on or about May 16, 2017, Plaintiff SERGIO ORELLANA, worked an average of 70 hours per week and was paid an average of $11 and $12.50 per hour, but Plaintiff was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act by Defendants. Plaintiff therefore claims the half time overtime rate for each overtime hour worked above 40 hours in a work week.

18. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll

practices were in accordance with the Fair Labor Standards Act. Furthermore, upon information and belief, Defendants knowing underreported hours worked by Plaintiff. Defendants remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. ***The Plaintiff requests a trial by jury.***

**Respectfully submitted,**

**URQUIDEZ LAW FIRM, LLC**

***/s/ Thomas J. Urquidez***
Thomas J. Urquidez
State Bar No. 24052001
5440 Harvest Hill, Suite 145E
Dallas, Texas 75230
E-mail: tom@tru-legal.com
Phone: 214-420-3366
Fax: 214-206-9802
**COUNSEL FOR PLAINTIFF**
**SERGIO ORELLANA**